The opinion of the court was delivered by
Tilghman, C. J.
In this case the jury found a verdict for the plaintiff, with 517 dollars damages, and six cents costs, <£subject to the opinion of the court on the facts proved. ” What these facts were, we know not; so that it is impossible for us to say, whether the judgment, was right or wrong. If such a verdict could be supported, the party against whom judgment was given, would be cut off from the benefit of a writ of error. The jury have no right to throw the facts and the law, on the court, though they may find the facts and submit the law. • But in such case, the facts appearing of record, either party may have a writ of error. In the present case, nothing is found absolutely. The damages are not assessed absolutely, but subject to the court’s opinion on facis which *203 do not appear. It is an imperfect verdict. The parties may submit their cause to the court, in vvhat manner they please, by consent; and if they think proper to submit it, so as to preclude each other from a writ of error, it is all very well. But nothing of that kind appears here. We find nothing on the record but the verdict and judgment. In the case of Donner v. Lewis, at May Term, 1822, there was a verdict for the plaintiff in an ejectment, “ subject to the opinion of the court,” without any mention of facts. We reversed the judgment and ordered a new trial. The. case before us falls within the same principle. A reference to facts proved, without stating these facts, is no better than if facts had not been mentioned at all. It is the opinion of the court, that the Judgment should be reversed and a venire de novo awarded.
Judgment.reversed and a venire facias de novo awarded.